IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIKA JACOBS, | |
| Plaintiff, | |
| v. | 1:15-cv-3520-WSD |
| ATLANTA POLICE DEPARTMENT, *Airport*, DEKALB COUNTY POLICE DEPARTMENT, COBB COUNTY POLICE DEPARTMENT, et al. | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Erika Jacobs's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   **BACKGROUND**

On September 10, 2015, Plaintiff, *pro se*, filed her Application for Leave to Proceed *In Forma Pauperis* [1] ("Application"). On October 7, 2015, Magistrate Judge Russell G. Vineyard granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint [3] alleges violations of "Constitutional Rights and Negligence of Georgia Police Departments." (Compl. at 1). She brings this action under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., which prohibits discrimination based on race and national origin by state and local agencies that receive federal funding. She also asserts claims under 42 U.S.C. § 1983 based on violations of the first, fourth, an fourteenth amendments.

Plaintiff claims her rights were violated by police officers on multiple occasions. She claims that, in October 2013, she was taken to the police station at the "Atlanta Hartsfield Airport where she was searched on her body of property [sic] (purse + backpack)." (Compl. at 2). She claims that officers told her she was only allowed in the airport during morning hours. (Id.). She alleges that, also in October 2013, "Police transported Plaintiff in a van to College park Station and departed." (Id.).

Plaintiff also claims police officers subjected her to multiple instances of verbal abuse and harassment. For instance, she alleges that, on March 10, 2015, she was "falsely accused of not having her lights on by the Riverdale Police." (Id.). A MARTA police officer, "McGruff, called Plaintiff a wellfare [sic] mother." (Id.).

Plaintiff claims police failed to provide her protection.  She claims her purse was stolen, but MARTA police "stated to Plaintiff that she never had a black purse . . . [t]hus rendering Plaintiff's report of theft of purse false."  (Id. at 3)

Plaintiff also claims she was the subject of racial profiling when she was "stopped by J.B. Melton on 4-9-14 while walking down the street for no reason." (Id.).

## II.   DISCUSSION

### A.   Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se*

complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.  Analysis

The Court has reviewed Plaintiff's Complaint, and has determined that it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10 requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff's Complaint does not comply with these rule because it contains four "paragraphs," each of which contains a laundry list of allegations involving multiple sets of circumstances, individuals, and alleged claims.

The Court requires Plaintiff to file an Amended Complaint, on or before April 8, 2016, that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  The Amended Complaint must identify the claims Plaintiff seeks to assert against each Defendant, and the specific facts Plaintiff claims support each claim.

**III. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Erika Jacobs shall, on or before April 8, 2016, file an Amended Complaint that complies with Rule 10 of the Federal Rules of Civil Procedure. The Amended Complaint must identify the claims Plaintiff seeks to assert against each Defendant, and the specific facts Plaintiff claims support each claim. Failure to comply with this Order shall result in dismissal of this action pursuant to Local Rule 41.3A(2).

**SO ORDERED** this 23rd day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE