IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIKA JACOBS,

      **Plaintiff,**

v.                                                                     1:15-cv-3520-WSD

ATLANTA POLICE
DEPARTMENT, Airport, DEKALB
COUNTY POLICE
DEPARTMENT, COBB COUNTY
POLICE DEPARTMENT, et al.,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Erika Jacobs's ("Plaintiff") Motion for Reconsideration [12].

## I.   BACKGROUND

On March 23, 2016, the Court entered an Order [5] (the "March 23rd Order") requiring Plaintiff to file, on or before April 8, 2016, an Amended Complaint that complies with Rule 10 of the Federal Rules of Civil Procedure. The Court cautioned Plaintiff that failure to comply with its March 23rd Order will result in dismissal of this action pursuant to Local Rule 41.3(A)(2). (March 23rd Order at 5). Plaintiff did not file an Amended Complaint.

On April 13, 2016, the Court entered an Order [6] dismissing this action pursuant to Local Rule 41.3(A)(2) for failure to comply with the Court's March 23rd Order.

On April 13, 2015, Plaintiff filed her Motion for Extension of Time to File an Amended Complaint [10].  In it, she stated that she changed her address on March 23, 2016, that she requested her mail be forwarded, but that the "post office has not forwarded me the order from the Northern District Court as of today." (Mot. at 1).  She sought an extension of time to file her Amended Complaint.  (Id.).

On April 14, 2016, the Court entered an Order [11] denying Plaintiff's Motion for Extension of Time to File an Amended Complaint.  The Court noted that Plaintiff failed to inform the Court of her change of address, and her failure adversely affected the management of this case, leading to Plaintiff's failure to comply with the Court's March 23rd Order.  The Court noted that dismissal of this action was warranted under Local Rule 41.2(B), NDGa.

On April 27, 2016, Plaintiff filed her Motion for Reconsideration of the Court's April 13, 2016, Order dismissing this action pursuant to Local Rule 41.3(A)(2).  In it, Plaintiff again states she changed her address and did not receive the March 23rd Order.  To date, Plaintiff still has not filed her Amended Complaint.

## II. DISCUSSION

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.2(E), NDGa. Rather, such motions are only appropriate when "absolutely necessary" to present: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted). Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires. Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Plaintiff does not identify any newly discovered evidence, change in controlling law, or need to correct a clear error of law or fact, and her Motion for Reconsideration is denied. Plaintiff's Motion for Reconsideration offers the same reasons for her failure to comply with the March 23rd Order that the Court rejected in its order denying Plaintiff's Motion for Extension of Time to File an Amended Complaint. As the Court noted in denying that motion, under Local Rule 41.2(B), "failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise

adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice." LR 41.2(B), NDGa. Plaintiff failed to inform the Court of her change of address, and dismissal of this action would be warranted for this additional reason. Her failure adversely affected the management of this case, leading to Plaintiff's failure to comply with the Court's March 23rd Order. The Court also notes that Plaintiff has had nearly five months to file her Amended Complaint, but has failed to do so. Plaintiff's Motion for Reconsideration is denied.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Erika Jacobs's Motion for Reconsideration [12] is **DENIED**.

**SO ORDERED** this 26th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE