# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIKA JACOBS,<br><br>      **Plaintiff,**<br><br>  v.<br><br>ATLANTA POLICE DEPARTMENT, Airport, DEKALB COUNTY POLICE DEPARTMENT, COBB COUNTY POLICE DEPARTMENT, et al.,<br><br>      **Defendants.** | 1:15-cv-3520-WSD |

## OPINION AND ORDER

This matter is before the Court pursuant to the judgment of the United States Court of Appeals for the Eleventh Circuit's vacating and remanding this action to the Court for further action [20].

## I.    BACKGROUND

### A.    <u>Complaint Filed October 7, 2015</u>

Plaintiff Erika Jacobs filed her *pro se* Complaint against (1) the Atlanta Police Department; (2) the Dekalb County Police Department; (3) the Cobb County Police Department; and (4) "et. all [sic]," without listing other entities or people.

On October 7, 2015, Magistrate Judge Russell G. Vineyard granted Jacobs's application for leave to proceed *in forma pauperis* ("IFP") and ordered that service of process not issue until the district court had made a frivolity determination as to Jacobs's Complaint. The Magistrate Judge cautioned Jacobs that she must advise the district court of her current address at all times while her action was pending. The Magistrate Judge noted that Jacobs was "no stranger to the judicial process" and had filed five other civil actions in the Northern District of Georgia, two of which had been dismissed in part for failure to obey a court order.

B.  March 23, 2016, Order Allowing until April 8 to Amend Complaint

On March 23, 2016, the Court, in conducting its frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), determined that Jacobs's Complaint failed to comply with Federal Rules of Civil Procedure 8 and 10. The Court stated that Jacob's Complaint "does not comply with these rule[s] because it contains four 'paragraphs,' each of which contains a laundry list of allegations involving multiple sets of circumstances, individuals, and alleged claims."

In its March 23, 2016 order, the Court ordered Jacobs to file, on or before April 8, 2016, an amended complaint that identified the claims she sought to assert against each defendant and the specific facts that supported each claim. The Court also warned Jacobs that failure to comply with the Court's order would result in

dismissal pursuant to the Northern District of Georgia's Local Rule 41.3A(2). See L.R. 41.3A(2), NDGa (providing that the court may, with or without notice to the parties, dismiss a civil case for want of prosecution if a plaintiff, after notice, fails or refuses to obey a lawful order of the court in the case).

C.  April 13, 2016, Order Dismissing Case

Jacobs did not file an amended complaint or a motion for an extension of time on or before April 8, 2016. On April 13, 2016, the Court entered an order *sua sponte* dismissing her complaint pursuant to Local Rule 41.3(A)(2) for failure to comply with the Court's March 23, 2016 order. The clerk's office entered a judgment dismissing Jacobs's action. Because this dismissal did not say without prejudice, the dismissal was with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

D.  Jacobs's Motion to Extend Deadline and Motion for Reconsideration

On April 13, 2016—the same day that her Complaint was dismissed—Jacobs filed a motion for an extension of time to file an amended complaint. On the same day, Jacobs also filed a notice of a change of address. In Jacobs's extension motion, Jacobs explained that her mailing address changed on March 23, 2016, she requested that the post office forward all of her mail, but she had not yet received the district court's March 23, 2016 order. Instead, Jacobs first

learned of the Court's March 23, 2016 order when she called the clerk's office on April 7, 2016.

The Court denied Jacobs's Motion to Extend the deadline. The Court also denied Jacobs's Motion for Reconsideration.

E.      Appeal and Eleventh Circuit's Opinion

On September 7, 2016, Jacobs filed her Notice of Appeal [14]. On April 17, 2017, the Eleventh Circuit issued its Opinion vacating the Court's dismissal of her Complaint for failure to comply with the Court's order to file an amended complaint, and remanding this action. The Eleventh Circuit found that, because the Court dismissed Jacobs's Complaint under Local Rule 41.2B, the Court was required to dismiss the Complaint without prejudice. Because the Court did not specify that the dismissal was without prejudice, the dismissal was *with* prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Eleventh Circuit found that the Court did not make the required findings necessary to dismiss with prejudice, which are (1) willful delay or conduct, and (2) that lesser sanctions will not suffice. The Eleventh Circuit stated, however, that, under the circumstances of this case, the Court "was within its discretion to dismiss Jacob[s]'s complaint without prejudice." ([19] at 10).

On May 19, 2017, the Eleventh Circuit issued its judgment vacating the Court's dismissal order and remanding this action to the Court for further proceedings. On May 25, 2017, the Court issued its Order making the Eleventh Circuit's judgment the judgment of this Court.

**II. DISCUSSION**

Local Rule 41.2B provides that a party's failure to keep the clerk's office informed of a change of address that "causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . ." L.R. 41.2B, NDGa. The Court found that Jacobs's delay "adversely affected the management" of her case. The Eleventh Circuit found that, under the particular circumstances of this case, "the district court was within its discretion to dismiss Jacob[s]'s complaint without prejudice." ([19] at 10). Accordingly, the Court dismisses this action without prejudice pursuant to Local Rule 41.2B.

**III. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2B.

5

**SO ORDERED** this 25th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE